UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SILVIA RAMIREZ, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| | § | |
| BURLINGTON COAT FACTORY | § | CIVIL ACTION NO. 5:23-CV-58 |
| OF TEXAS, INC.; and | § | |
| BURLINGTON COAT FACTORY | § | |
| OF TEXAS, LP; | § | |
| *Defendants.* | § | JURY REQUESTED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

To the Honorable Judge of Said Court:

Plaintiff Silvia Ramirez files this her First Amended Complaint complaining of Defendants Burlington Coat Factory of Texas Inc. and Burlington Coat Factory of Texas LP.  Plaintiff would respectfully show the Honorable Court and Jury the following:

## 1.    PARTIES

1.1.   Plaintiff Silvia Ramirez ("Ramirez")  is an  individual residing in Texas.

1.2.   Defendant Burlington Coat Factory of Texas, Inc. ("Burlington") is a business entity and at all times doing business in the State of Texas and has filed an answer.

1.3.    Defendant Burlington Coat Factory of Texas, LP ("Burlington") is a business entity and at all times doing business in the State of Texas and has filed an answer.

## 2.    <u>BACKGROUND</u>

2.1.    On or about December 21, 2021, Plaintiff Silvia Ramirez had been shopping in the Burlington store.  Plaintiff Ramirez was an "invitee" as that term is defined under Texas law.

2.2.    While in Defendant Burlington's store, Plaintiff was in the process of checking out when she slipped and fell.

2.3.    Plaintiff's fall was proximately caused by the negligence of Defendant, more specifically by allowing the dangerous conditions on Defendant Burlington's premises which Defendant, its agents, servants, and employees, created, knew or in the exercise of ordinary care, should have known existed.

2.4.    Furthermore, Plaintiff's injuries were proximately caused by the negligence of Defendant Burlington for failing to provide a safe shopping area to Plaintiff, and failing to inspect and provide Plaintiff a safe shopping environment.

2.5.    Specifically, Defendant Burlington failed to properly maintain its premises and failed to warn Plaintiff of the existence of the dangerous condition in the store area.  Plaintiff fell, and as a result of such fall, Plaintiff sustained injuries, as further stated herein

### 3.    <u>NEGLIGENCE OF DEFENDANT BURLINGTON</u>

4.1.   At the time of the incident in question, Defendant, Burlington was guilty of various acts and omissions of negligence including, but not limited to, the following:

4.1.1  In failing to inspect the premises in order to discover the dangerous condition;

In failing to appropriately train their employees to guard against items falling to the floor and causing customers to trip and fall;

4.1.2  In failing to warn Plaintiff, that a dangerous condition existed; and

4.1.3.  In failing to provide a safe environment.

4.2.   Plaintiff alleges that each and every, all and singular of the aforementioned acts and/or omissions on the part of Defendants, its agents, servants, and employees, constitutes negligence which was and is the direct and proximate cause of the injuries and damages sustained by Plaintiff hereinafter set out.  Defendants are liable to Plaintiff under theories of premises liability and negligent activity.

### 5.  <u>DAMAGES</u>

5.1.   Plaintiff would show that as a direct result of the negligence of the Defendants, its officers, agents, employees, and servants, she was caused to suffer serious personal injury to her body generally.

5.1.1.  As a direct and proximate result of the fall and the aforesaid negligence of Defendants, Plaintiff has incurred or sustained the following damages:

5.1.2. Reasonable and necessary medical expenses in the past;

5.1.3. Reasonable and necessary medical expenses which, in all probability, will be incurred in the future;

5.1.4. Physical pain suffered in the past;

5.1.5. Physical pain which, in all reasonable probability, will be suffered in the future;

5.1.6. Mental anguish suffered in the past;

5.1.7. Mental anguish which, in all reasonable probability, will be suffered in the future;

5.1.8. Physical impairment in the past;

5.1.9. Physical impairment which, in all reasonable probability, will be suffered in the future;

5.1.10.       Disfigurement in the past;

5.1.11 Disfigurement which, in all reasonable probability, will be suffered in the future;

5.1.12  Loss of wage earning capacity or lost wages in the past; and

5.1.13  Loss of wage earning capacity or lost wages which, in all reasonable probability, will be suffered in the future.

5.2.    Because of all of the above and foregoing, Plaintiff has been damaged, and will be damaged, in a sum within the jurisdictional limits of this Court, such monetary

relief being more than $250,000.00, with the final awarded amount to be just and fair as decided by a jury of Plaintiff's peers.

## 6.    **JURY DEMAND**

6.1.    Plaintiff respectfully requests a jury trial and has tendered the appropriate fee.

## 7.    **PRAYER**

7.1.    Because of all of the above and foregoing, Plaintiff has been damaged, and will be damaged in a total amount in excess of $250,000.00, such an amount being within the jurisdictional limits of this Court. Plaintiff seeks pre-judgment interest as allowed by Texas law.

7.2.    Wherefore, premises considered, Plaintiff prays that Defendants be cited to appear and answer herein, that upon final trial of this cause, Plaintiff recovers:

7.2.1. Judgment against Defendants for Plaintiff's damages as set forth above;

7.2.2. Pre-judgment interest on Plaintiff's damages as allowed by law;

7.2.3. Interest on the judgment at the legal rate from the date of judgment;

7.2.4. Costs of court, and

7.2.5. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,


**MALTOS LAW FIRM, PLLC**
5500 UTSA Blvd., Ste. 270
San Antonio, TX 78249
Office:  210/598-8474
Fax:   210/775-5009
Email:  manuel@maltoslaw.com
        pablo@maltoslaw.com
        diego@maltoslaw.com and
        denise@maltoslaw.com
        rosavela@maltoslaw.com
        E-Service:  e-serve@maltoslaw.com


By:  _/s/ Pablo E. Rivera_
MANUEL C. MALTOS
State Bar No. 24050985
Southern District No. 1137060
PABLO E. RIVERA
State Bar No. 24079216
Southern District No. 2375227
DIEGO J. LEVY
State Bar No. 24115016
Southern District No. 3745031

AND

**CANTU LAW FIRM, PLLC**
5500 UTSA Blvd., Suite 270
San Antonio, TX 78249
Office: 210/547-0505
GERMAN CANTU
State Bar No. 24096536
gcantu@thecantulawfirm.com

*ATTORNEYS FOR PLAINTIFF*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record through the Cort's ECF system on June 20, 2023.

**Atlas, Hall & Rodriguez, LLP**
**818 W. Pecan Blvd (78501)**
**McAllen, Texas 78502**
**Rick A. Zuniga**
**_rzuniga@atlashall.com_**

Attorneys for Defendants

/s/ <u>*Pablo E. Rivera*</u>
Pablo E. Rivera